**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Margo Simmons, *individually and on behalf of all others similarly situated* ) ) ) ) ) | |
| Plaintiff, ) ) | Case No.: 1:24-cv-12330-NMG |
| v. ) ) | |
| Author Reputation Press, LLC ) ) ) | |
| Defendant. ) ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, Author Reputation Press, LLC ("Defendant") hereby responds to Plaintiff's Complaint as follows:

1. Paragraph 1 states conclusions of law to which no responses are required and are otherwise denied.

2. Paragraph 2 states conclusions of law to which no responses are required and are otherwise denied.

3. Paragraph 3 purports to describe Plaintiff's causes of action to which no response is required and is otherwise denied.

**I.    Parties**

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, and therefore denies the same.

5. Admitted.

## II. Jurisdiction and Venue

6. Paragraph 6 states a conclusion of law to which no response is required and is otherwise denied.

7. Paragraph 7 states a conclusion of law to which no response is required and is otherwise denied.

8. Paragraph 8 states a conclusion of law to which no response is required and is otherwise denied.

## III. Background

9. Paragraph 9 states a conclusion of law to which no response is required and is otherwise denied.

10. Paragraph 10 states a conclusion of law to which no response is required and is otherwise denied.

11. Paragraph 11 states a conclusion of law to which no response is required and is otherwise denied.

12. Paragraph 12 states a conclusion of law to which no response is required and is otherwise denied.

## IV. Factual Allegations

13. Paragraph 13 states a conclusion of law to which no response is required and is otherwise denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and therefore denies the same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and therefore denies the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 16 of the Complaint, and therefore denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 17 of the Complaint, and therefore denies the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 18 of the Complaint, and therefore denies the same.

19. Defendant admits Plaintiff was never a customer of Defendant. Further answering, Defendant denies the remaining allegations set forth in paragraph 19 of the Complaint.

20. Denied.

21. Denied.

22. Defendant admits that the telephone number (888) 821-0229 is a number belonging to Defendant.

23. Denied.

24. Denied.

25. Denied.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 26 of the Complaint, and therefore denies the same.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 27 of the Complaint, and therefore denies the same.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 28 of the Complaint, and therefore denies the same.

29. Defendant states that Better Business Bureau Complaint referenced in paragraph 29 speaks for itself and denies all allegations inconsistent therewith.

30. Denied.

## V.   Class Action Allegations

31. Defendant repeats and realleges its responses to paragraphs 1 through 30 as if fully set forth herein.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## VI.   Count I – Violations of the TCPA, 47 U.S.C. s. 227

39. Defendant repeats and realleges its responses to paragraphs 1 through 38 as if fully set forth herein.

40. Paragraph 40 states a conclusion of law to which no response is required and is otherwise denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses without assuming the burden of proof where such burden is otherwise on the Plaintiff:

1. Plaintiff lacks Article III standing because she cannot demonstrate that she sustained an actual injury as a result of Defendant's alleged conduct.

2. Plaintiff lacks subject matter jurisdiction insofar as the telephone number at issue may be a business number, belonging to someone else, and which may not be registered on the National Do Not Call Registry.

3. Plaintiff failed to personally register her telephone number on the Do Not Call Registry.

4. Plaintiff's Complaint fails to state a claim upon which relief may be granted. For example, calls to cellular telephones may not form the basis of a claim under s. 1200(c).

5. Plaintiff consented to being telephoned and/or receiving communications at the number provided and/or otherwise waived the right to claim lack of consent.

6. To the extent that any violation of the TCPA occurred, which Defendant denies, it resulted from good faith reliance upon information offered by other persons or entities other than an agent, servant, or employee of Defendant.

7. Plaintiff's alleged damages are a result of the conduct of third parties for whom Defendant is not liable, and for which it cannot be held legally responsible.

8. Plaintiff has failed to mitigate her damages and her claims herein should be barred or any recovery reduced in proportion to Plaintiff's said failure to mitigate her damages.

9. Plaintiff's claims are barred by the doctrine of waiver, laches, release, ratification, unclean hands and estoppel.

10. Plaintiff's claims are barred by the applicable statute of limitations.

11. Plaintiff's claims are barred insofar as Plaintiff had an established business relationship with Defendant.

12. Plaintiff's proposed class definition is improper, and should be stricken as a matter of law. *See, e.g.*, *Bryant v. King's Creek Plantation, L.L.C.*, 2020 U.S. Dist. LEXIS 226044 at *8 (E.D. Va. Jun. 22, 2020).

13. Plaintiff's request for class certification fails because she cannot satisfy the requirements for class certification.

14. Although Defendant specifically denies that it has any liability with respect to Plaintiff's claims and allegations, Defendant asserts that it has established and implemented, with due care, reasonable practices and procedures to effectively prevent unsolicited telephone calls in violation of the TCPA.

15. Defendant may invoke the safe harbor affirmative defense insofar as the calls were placed in error, were part of Defendant's routine business practices, and Defendant has reasonable practices and procedures in place to prevent unlawful telephone solicitations. *See* 47 U.S.C. s. 227(c)(5).

16. Plaintiff's claims for treble damages are barred because Defendant did not knowingly or willfully engage in any unlawful conduct or in any way violate the TCPA.

17. Plaintiff's claims are barred because the TCPA, within the context of a class action, is violative of Defendant's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

Defendant reserves the right to assert additional defenses as this matter proceeds.

WHEREFORE, Defendant, Author Reputation Press, LLC prays for judgment as follows:

    1. That Plaintiff take nothing by reason of her Complaint;

2. That the Complaint be dismissed with prejudice;

3. For costs of suit and reasonable attorney's fees; and

4. For further and additional relief as this Court deems appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | AUTHOR REPUTATION, PRESS LLC<br>By its counsel, |
| Dated: October 4, 2024 | */s/ Andrew M. Schneiderman*<br>Andrew M. Schneiderman, # 666252<br>Jeffrey Rosin, Esq. #3026952<br>O'HAGAN MEYER, PLLC<br>140 Kendrick Street, Building C, 2nd Floor<br>Needham, MA 02494<br>Telephone: (617) 843-6800<br>Facsimile: (617) 843-6810<br>aschneiderman@ohaganmeyer.com |

### CERTIFICATE OF SERVICE

I, Andrew M. Schneiderman, hereby certify that on this 4th day of October, 2024, I caused the foregoing *Answer to Plaintiff's Complaint* to be served upon all counsel via the Court's ECF Filing System.

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman, Esq.