**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

|  |  |  |
|---|---|---|
| DONALD BROWN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.:  1:24-cv-12253-NMG |
| | ) | |
| EXPERIAN INFORMATION SYSTEMS, INC., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Experian

Information Systems, Inc. ("Experian"), by and through its counsel, submits this Memorandum in

Support of its Motion to Dismiss the Complaint filed by Plaintiff Donald Brown ("Plaintiff").

### INTRODUCTION

Plaintiff's extensive, yet largely incoherent pleadings, are difficult to discern. However, it

appears that Plaintiff alleges that he became late on payments in 2021, and that Experian reported

that late payment information in Plaintiff's credit file.  However, the Complaint fails to allege any

actionable conduct by Experian and is therefore fatally deficient. Plaintiff's Complaint consists of

little more than a meandering diatribe against the credit reporting industry in general, and there are

no specific or plausible allegations supporting any claim against Experian.[1]

---

[1]    Plaintiff filed an identical Complaint against Experian in state court on July 30, 2024, Case No. 2482-CV-0400, which Plaintiff has since stipulated to dismissal. An identical Complaint was also filed in state court by a Vincent Vaiano on the same day, who claims to have an address identical to Plaintiff's here, down to the apartment number. (95 University Ave., Apt. 212B, Westwood, MA 02090). *See* Civil Action No. 1:24-cv-12245. While not directly related to the merits of this Motion, it appears that Plaintiff is working with other *pro se* plaintiffs to file frivolous lawsuits against Experian.  Plaintiff has filed this same Complaint on his own behalf against Trans Union, *Brown v. Trans Union LLC et al.*, Case No. 1:2024-cv-11292, and Equifax, *Brown v. Equifax, Inc.* Case No. 1:24-cv-11331-

**FACTUAL ALLEGATIONS**

Plaintiff's Complaint alleges that Experian's entire business model is a violation of various laws, setting forth a largely incoherent hotchpotch of various conspiracy-theory grievances against the credit agencies (often referring to "defendant TU" instead of Experian), including that the "credit reporting industry conducts business in a collusive manner" and somehow are colluding with creditors: "Are potential lenders, banks, auto dealers, and the entire spectrum of companies informed that a consumer is disputing his/her tradelines, without the consumer being informed of this?" Compl. ¶ 16. Obviously, Plaintiff does not and cannot allege any facts to support his various conclusory allegations.

In one of the few specific factual allegations in the entirety of the Complaint, Plaintiff alleges that "[i]n 2021, when Plaintiff contracted COVID, Plaintiff was forced to become late in Plaintiff's payments for Plaintiff's credit accounts." Compl. ¶ 31. Plaintiff alleges that Experian, apparently by noting the late payments in Plaintiff's credit file, "punished [Plaintiff] severley [sic]...when Plaintiff was in bed due to illness, because of no fault of Plaintiff." *Id.* at ¶ 32. He further alleges that Experian has been invading his privacy since October 12, 2021, and that "[o]n or about January 1, 2021 and CONTINUOUSLY SINCE THAT TIME TO THE PRESENT the defendant reported the plaintiff's NEGATIVE ACCOUNTS ON ITS SITE, causing the plaintiff's credit score to be significantly lower," *Id.* at ¶¶ 110, 77, and that Experian has somehow caused Plaintiff to be "CLASSIFIED AS A "DEADBEAT."" *Id.* at ¶¶ 112. Plaintiff expressly alleges that "[T]his claim is regarding 2021 behavior by the defendant and has nothing to do with earlier claims or defenses." *Id*. at ¶ 79. Plaintiff also alleges that Experian engaged in some unspecified type of

---

LTS. Plaintiff has filed 10 actions in state court alone since April 2024, with substantially similar Complaints against large corporations and financial institutions. *See* Case Nos. 2482-CV-00372, 2482-CV-00396, 2482-CV-00399, 2482-CV-00400, 2482-CV-00474, 2482-CV-00474, 2482-CV-00487, 2482-CV-00489, 2482-CV-00488, 2482-CV-00744.

"fraudulent behavior [...] that took place during the period from August 2014 to present." *See* Compl. ¶ 97.

Based on these legally insufficient and conclusory allegations, Plaintiff alleges a mishmash of claims against Experian: violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.*, the Massachusetts Fair Credit Reporting Act ("MFCRA"), the Federal Fair Debt Collection Practices Act ("FDCPA"), Massachusetts' Unfair Debt Collection Practices ("MDCPA"), negligent misrepresentation, false or misleading representations under 15 U.S.C. § 1125(a) and state law, fraud and concealment, invasion of privacy, intentional and negligent infliction of emotional distress (IIED and NIED, respectively), defamation, libel, slander, negligent hiring, negligent failure to provide adequate training, negligent failure to provide adequate supervision, tortious interference with advantageous relationship, and violation of Massachusetts General Laws Ch. 93A.

## LEGAL ARGUMENT

### A.    APPLICABLE STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the Court must "accept all well-pleaded facts alleged in the Complaint as true" and "draw all reasonable inferences in favor of the pleader," *S.E.C. v. Tambone,* 597 F.3d 436, 441 (1st Cir. 2010), well-pleaded facts must be "non-conclusory" and "non-speculative." *Barchock v. CVS Health Corp.*, 886 F.3d 43, 48 (1st Cir. 2018); *see also Mass. Sch. Of Law v. ABA*, 142 F.3d 26, 40 (1st Cir. 1998) (Court not required to accept as true "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like."). Further, if the factual allegations in the complaint are "too meager, vague, or conclusory

to remove the possibility of relief from the realm of mere conjecture," dismissal is proper. *Id.* (citing *Twombly*, 550 U.S. at 555).

Although a court must construe all reasonable inferences in the non-movant's favor, "[i]t is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Yacubian v. United States*, 750 F.3d 100, 108 (1st Cir. 2014) (citations omitted).

While pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Brown v. First Premier Bank*, 12–7697, 2013 WL 941572, at *2 (D. New Jersey, Mar. 6, 2013) (Court dismissed handwritten complaint that did not specify any particular causes of action, factual allegations, or comprehensible statements); *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## B.    PLAINTIFF'S FCRA CLAIMS FAIL BECAUSE PLAINTIFF HAS NOT ALLEGED THAT EXPERIAN REPORTED ANY INACCURATE INFORMATION

Plaintiff's first count alleges that Experian violated the Fair Credit Reporting Act.  As the FCRA is "intended to protect consumers against the compilation and dissemination of *inaccurate* credit information," *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) (emphasis in original), to prevail on either a § 1681e(b) or a § 1681i claim under FCRA, Plaintiff must allege "that the reported information was inaccurate." *Id*. "[S]imply reporting the truth" is not a cause of action under FCRA.  *Murray v. Am.'s Servicing Co.*, No. 200701716, 2009 WL 323375, at *5 (Mass. Super. Jan. 12, 2009), *aff'd*, 76 Mass. App. Ct. 1113, 922 N.E.2d 179 (2010).

Plaintiff does not allege what accounts, if any, were inaccurate, how such accounts were inaccurate, or how such inaccuracies resulted from a failure to maintain reasonable procedures or

to conduct a reasonable reinvestigation. *See generally* Compl. Instead, he alleges in conclusory fashion that "Defendant [sic] actions in reporting the plaintiff references to the plaintiffs [sic] alleged credit reliability and with negative and unfounded alerts to potential creditors, represents a gross violation of the [FCRA]." Compl. ¶ 62. The only specific allegation by Plaintiff regarding his credit history is that he became late on accounts due to COVID. *Id.* at ¶ 31. If Experian reported such late payments, that reporting would be *accurate* pursuant to Plaintiff's own allegations. Plaintiff's remaining allegations are that Experian somehow violated the FCRA by reporting Plaintiff's credit liability to creditors. *See, e.g.*, *Id.* at ¶ 62. Plaintiff seems to complain about the credit reporting industry in general, but never articulates what about his credit file, specifically, is inaccurate. These general allegations do not state a claim under the FCRA given the failure to allege an inaccuracy.

That Plaintiff is *pro se* is no excuse. The First Circuit requires *pro se* plaintiffs to plead specific facts supporting their claims, and the Court is not permitted to come up with a *pro se* plaintiff's allegations for him. *See McDonald v. Com. of Mass.*, 901 F. Supp. 471 (D. Mass. 1995); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Plaintiff's allegations here clearly do not meet even the liberal standard afforded to *pro se* plaintiffs, and his FCRA claim should be dismissed.

## IV.   PLAINTIFF'S MCRA CLAIM FAILS BECAUSE IT FAILS TO ALLEGE HOW, IF AT ALL, EXPERIAN VIOLATED MCRA AND BECAUSE IT IS DUPLICATIVE OF PLAINTIFF'S FCRA CLAIM.

Plaintiff's second count seeks recovery under the Massachusetts Credit Reporting Act, M.G.L.A. 93 § 54a (Massachusetts' state law analogue to FCRA), stating that "failing to remove NEGATIVE INCIDENTS FROM PLAINTIFF'S CREDIT REPORT CAUSED MASSIVE HARM." Compl. ¶ 66.   Like his FCRA claim above, Plaintiff's claim fails because it does not allege that Experian reported inaccurate information, only that it failed to remove accurate, albeit negative,

information from Plaintiff's credit report.  Further, Plaintiff has already tried, and failed, to bring this argument in a similar case last year.  *See Brown v. JPMorgan Chase & Co.*, No. CV 22-11298-FDS, 2023 WL 3511363, at *4 (D. Mass. May 17, 2023) ("[T]he complaint does not allege that Chase inaccurately reported plaintiff's application for credit to the credit reporting agencies, but instead that it failed to remove accurate—albeit harmful—information from his credit report. Accordingly, dismissal . . . is warranted for the additional reason that the complaint fails to allege how, if at all, that accurate reporting violated the MCRA.").

Further, the MCRA does not permit duplicative recovery where the conduct is based solely on the conduct for an FCRA claim. *See Richardson v. Fleet Bank of Massachusetts*, 190 F. Supp. 2d 81, at 89 (D. Mass. 2001) (holding that the plaintiff's claim against a credit bureau fails where the claim was premised solely upon conduct that also formed the basis for plaintiff's FCRA claims). Here, Plaintiff's claims under the MCRA are identical and duplicative to his claims under the FCRA, as he simply just repeated his factually unsupported claims that "failing to remove NEGATIVE INCIDENTS FROM PLAINTIFF'S CREDIT REPORT CAUSED MASSIVE HARM." Compl. ¶ 66.

Because Plaintiff's claim does not allege how Experian's accurate reporting violated the MCRA, and because his claim is duplicative of his FCRA claim, his MCRA claim must be dismissed.

## V.    PLAINTIFF'S FDCPA AND MDCPA CLAIMS FAIL BECAUSE EXPERIAN IS NOT A DEBT COLLECTOR.

Plaintiff's third and fourth counts allege violations of the Federal Fair Debt Collection Act, 15 U.S.C. § 1692, and the Massachusetts Unfair Debt Collection Practices Act, M.G.L.A. 93 § 41. The FDCPA and MDCPA impose obligations only upon debt collectors. *See O'Connor v. Nantucket Bank*, 992 F. Supp. 2d 24, 31 (D. Mass. 2014) ("The restrictions of the FDCPA only apply to those defendants who meet the definition of 'debt collector'"). *See also Midland Funding, LLC v. Juba*, 2017 Mass. App. Div. 31 (Dist. Ct. 2017) (holding that Federal law interpreting the

FDCPA's definition of "debt collector" guides MDCPA interpretations of the same). Federal courts routinely expressly hold that Experian is not a debt collector when faced with frivolous FDCPA claims alleged against it. *See, e.g.*, *Witt v. U.S. Dep't of Educ.*, 3:23-cv-00562, 2024 WL 889250, at * 6 (D. Conn. Jan. 23, 2024) ("It is well-settled that a credit reporting agency such as Experian, Equifax, Transunion, and Innovis are not a 'debt collector' under the FDCPA") (string cite omitted); *Perez v. Experian*, 2021 WL 4784280 (S.D. N.Y. Oct. 14, 2021) (dismissing FDCPA complaint because "Equifax, Experian, and Trans Union are credit reporting agencies that do not collect debts, and therefore do not fall within the meaning of 'debt collector' under the FDCPA....").

Plaintiff does not and cannot allege that Experian is a debt collector or that it has attempted to collect any debt from him at all, instead making the conclusory allegation that Experian "continuously constructively dunned the plaintiff regarding an alleged overdue balance," without identifying what balance Experian "dunned" and when. Compl. ¶ 70. Because Plaintiff cannot allege that Experian is a debt collector or has attempted to collect any debt from Plaintiff, his FDCPA and MDCPA claims fails as a matter of law.

## VI.    PLAINTIFF'S NEGLIGENCE, DEFAMATION, LIBEL, SLANDER, AND INVASION OF PRIVACY CLAIMS FAIL BECAUSE THEY ARE PREEMPTED BY THE FCRA.

Plaintiff alleges negligent misrepresentation (Count V), negligent hiring (Count XV), negligent failure to provide adequate training (Count XVI), negligent failure to provide adequate supervision (Count XVII), invasion of privacy (Count IX), defamation (Count XII), libel (Count XIII), and slander (Count XIV).

Section 1681h(e) of FCRA provides that "no consumer may bring an action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency [...] based on information disclosed pursuant

to section 1681g, 1681h, or 1681m of this title, [...] except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Plaintiff's various claims sounding in negligence, defamation, libel, slander, and invasion of privacy therefore fail.

**VII.  PLAINTIFF'S FALSE DESIGNATION CLAIMS FAIL BECAUSE PLAINTIFF CANNOT ALLEGE EXPERIAN HAS MADE STATEMENTS TO MISLEAD PLAINTIFF REGARDING THE ASSOCIATION, NATURE, OR ORIGIN OF ANY GOODS OR SERVICES PROVIDED.**

Inexplicably, Plaintiff's sixth count alleges that Experian violated the Lanham Act's provisions that prohibit false and misleading descriptions of products and services in interstate commerce, and his eighth count alleges that Experian violated the Lanham Act's state law analogue. *See generally* 15 U.S.C. § 1125; M.G.L.A. § 13a. The elements of a claim under §1125 are:

> "(1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product; (2) the misrepresentation is material, in that it is likely to influence the purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products."

*Riverdale Mills Corp. v. Cavatorta N. Am., Inc.*, 146 F. Supp. 3d 356 (D. Mass. 2015).

Plaintiff has not alleged a single fact to support a single element of a Lanham Act claim. There are no factual allegations that Experian made a misrepresentation in a commercial advertisement, that any such misrepresentation was likely to influence a purchasing decision, that anyone was deceived. Nor can Plaintiff possibly allege that he has been injured because Experian's misrepresentations diverted business from him or lessened any goodwill around Plaintiff's products. Simply calling a claim a Lanham Act violation does not conjure one into existence. The claim is subject to dismissal as a matter of law.

8

Plaintiff additionally asserts a comparable claim under "Massachusetts G.L. Sec 13A," though it remains ambiguous as to which specific section to which Plaintiff is intending to refer. Plaintiff's claim is subject to dismissal based on this reason alone. It is possible that Plaintiff meant to refer to M.G.L.A. 93A § 2, which governs "unfair or deceptive acts or practices in the conduct of any trade or commerce." To prevail on a Chapter 93A §2 claim, Plaintiff "must prove that a person who is engaged in trade or business committed an unfair or deceptive trade practice and that the plaintiff suffered a loss of money or property as a result." *Kozaryn v. Ocwen Loan Servicing, LLC*, 784 F. Supp. 2d 100 (D. Mass. 2011). For the same reason the Lanham Act claim fails, this claim also fails.

## VIII. PLAINTIFF'S FRAUD CLAIM FAILS BECAUSE PLAINTIFF DOES NOT ALLEGE EXPERIAN HAS MADE ANY FALSE REPRESENTATIONS

Plaintiff's seventh count alleges that Experian "continuously and consistently behaved in a fraudulent manner by concealing the details of the account information from the Plaintiff" and "by not revealing any of the alleged fraudulent behavior *of the plaintiff* that took place during the period of August 2014 to the present. Compl. ¶¶ 96-97 (emphasis added.) Setting aside that these allegations are entirely nonsensical, they do not come close to stating a claim for fraud. Under Massachusetts law, "the elements of fraud consist of "[1] a false representation [2] of a matter of material fact [3] with knowledge of its falsity [4] for the purpose of inducing [action] thereon, and [5] that the plaintiff relied upon the representation as true and acted upon it to his [or her] damage." *Balles v. Babcock Power Inc.*, 476 Mass. 565, 573 (2017) (internal citation omitted).

Here, Plaintiff has not and cannot plead the false representation of material fact, Experian's knowledge of that falsity for the purpose of inducing action, or that Plaintiff relied upon that representation and acted upon it to his damage. Rather, Plaintiff simply asserts that Experian engaged in "fraudulent behavior [...] that took place during the period from August 2014 to present." *See* Compl. ¶ 97. Plaintiff claims only that Experian should have provided "the documents requested by

9

Plaintiff," and should have given Plaintiff "notice of his accounts until January of 2015," whatever

that means. *See* Compl. ¶¶ 98-100. Therefore, the claim is subject to dismissal.

### IX.    PLAINTIFF'S IIED AND NIED CLAIMS FAIL BECAUSE THE CLAIMS ARE UNSUPPORTED BY FACTUAL ALLEGATIONS

Plaintiff's tenth count alleges intentional infliction of emotional distress, and his eleventh

count alleges negligent infliction of emotional distress. To prevail on a claim for intentional

infliction of emotional distress, Plaintiff must demonstrate:

> (1) That [Experian] intended to inflict emotional distress or that [Experian] knew or should have known that emotional distress was the likely result of its conduct...; (2) that the conduct was 'extreme and outrageous,' was 'beyond all possible bounds of decency' and was 'utterly intolerable in a civilized community' ...; (3) that the actions of the defendant were the cause of the plaintiff's distress...; and (4) that the emotional distress sustained by the plaintiff was 'severe.'

*Miller v. Pugliese*, No. CV 20-10660-MLW, 2023 WL 6202373.

To prevail on a claim for negligent infliction of emotional distress, Plaintiff must

demonstrate:

> "(1) Negligence, (2) emotional distress, (3) causation, (4) physical harm manifested by objective symptomatology, and (5) that a reasonable person would have suffered emotional distress under the circumstance of the case."

*Sullivan v. Boston Gas Co*., 605 N.E.2d 805 (Mass. 1993).

Here, Plaintiff's claims are *entirely* unsupported by any factual content and Plaintiff

cannot cure this deficiency. Plaintiff's threadbare recitals of the elements of a claim for IIED,

¶ 114-123, and NIED, ¶ 124-134, are not entitled to a presumption of truth as Plaintiff provides

no facts in support of any element of the claim. Therefore, Plaintiff's claims for IIED and NIED

fail.

## X.    PLAINTIFF'S TORTIOUS INTERFERENCE CLAIMS FAIL BECAUSE HE CANNOT ALLEGE THAT EXPERIAN COMMITTED ANY ACTIONS TO INTENTIONALLY INTERFERE WITH PLAINTIFF'S CONTRACTUAL RELATIONSHIPS.

Plaintiff's eighteenth count alleges tortious interference of advantageous relationship. For Plaintiff to prevail on a claim for tortious interference with contractual relations, "[t]he plaintiff must prove that (1) he had a contract with a third party; (2) the defendant knowingly interfered with that contract [by inhibiting the third party's or the plaintiff's performance thereof depending on the theory]; (3) the defendant's interference, in addition to being intentional, was improper in motive or means; and (4) the plaintiff was harmed by the defendant's actions." *ITyX Sols., AG v. Kodak Alaris Inc.*, No. 16-CV-10250-ADB, 2018 WL 2392004, aff'd, 952 F.3d 1 (1st Cir. 2020) (quoting *Harrison v. NetCentric Corp.*, 744 N.E.2d 622, 632 (Mass. 2001)).

Plaintiff has not alleged the existence of any contract beyond some undefined "contractual relationship between the Plaintiff and a third party (plaintiff's creditors)." Compl. ¶ 177. Plaintiff does not allege a single fact demonstrating how, when, and why Experian interfered with any such "contract," even assuming there was such a thing. Nor does Plaintiff allege that Experian was aware of the contract, and knowingly interfered with it. Plaintiff's allegations do not come close to alleging a tortious interference claim and must be dismissed.

## XI.    PLAINTIFF'S DECEPTIVE PRACTICES CLAIMS FAIL BECAUSE THE CLAIMS ARE UNSUPPORTED BY FACTUAL ALLEGATIONS.

Plaintiff's nineteenth account alleges a general violation of M.G.L.A. 93A by "unfair and deceptive business practices." Compl. ¶ 186.  Mass. Gen. Laws Chapter 93A § 9(1) provides a cause of action to "[a]ny person [...] who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two [...]."  Plaintiff has not plead sufficient facts to support his claim. To establish entitlement to Chapter 93A relief, the complaint must "allege facts sufficient to establish [ ] first, that the defendant has committed an unfair or deceptive act

or practice; second, that the unfair or deceptive act or practice occurred 'in the conduct of any trade or commerce;' third, that the plaintiff suffered an injury; and fourth, that the defendant's unfair or deceptive act was a cause of the injury." *Rafferty v. Merck & Co., Inc.*, 92 N.E.3d 1205 (Mass. 2018) (citing *Herman v. Admit One Ticket Agency LLC*, 454 Mass. 611, 615616, 912 N.E.2d 450 (2009).

Here, the Complaint fails to allege any facts whatsoever that might support Plaintiff's claim, including even the most obvious and basic facts regarding what act by Experian allegedly constitutes an unfair or deceptive act that has been declared unlawful. Plaintiff simply states that Experian "willingly and maliciously, and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes." *See* Compl. ¶ 187.

Plaintiff's Complaint fails to articulate the barest bases for his claim, and certainly does not provide Experian with any information regarding what, exactly, Plaintiff alleges. The Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Experian respectfully requests that the Court grant its Motion to Dismiss, dismiss Plaintiff's Complaint against Experian with prejudice, and grant any other relief the Court may deem appropriate.

Dated: October 4, 2024                                    Respectfully submitted,

/s/  Andrew M. Schneiderman
Andrew M. Schneiderman (BBO# 666252)
O'Hagan Meyer, PLLC
140 Kendrick St.
Needham, MA 02494
617-843-6808
aschneiderman@ohaganmeyer.com

*Attorneys for Experian Information Systems, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew Schneiderman, hereby certify that on October 4, 2024 a true and correct copy

of the foregoing document was served via First Class, U.S. Mail, postage prepaid upon counsel

of record as follows:

> Donald Brown
> 95 University Ave., Apt. 2128
> Westwood, MA 02090

> <u>/s/  Andrew M. Schneiderman</u>
> Andrew Schneiderman (BBO# 666252)