**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MARGO SIMMONS,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**AUTHOR REPUTATION PRESS LLC**<br><br>*Defendant.* | Case No. 24-cv-12330-BEM<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

# JOINT STATEMENT

Plaintiff, Margo Simmons ("Plaintiff") and Defendant, Authors Reputation Press, LLC ("Defendant" or "Authors Reputation Press") (together with Plaintiff, the "Parties"), through their undersigned counsel, submit this Report pursuant to Rule 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1.

## I. FED. R. CIV. P. 26(F) REPORT

### A. Nature and Basis of Claims

1. Plaintiff's Statement

Margo Simmons brought this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). The Plaintiff alleges that Authors Reputation Press violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent. The putative class is defined as follows:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on

behalf of Defendant encouraging the purchase of Author Reputation's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

2. Defendant's Statement

Defendant denies it violated the Telephone Consumer Protection Act, or that Plaintiff sustained any damages stemming from the limited alleged conduct of Defendant. Defendant possesses both legal and factual defenses to Plaintiff's claims, the extent of which will be borne out through discovery on Plaintiff's individual claim. Defenses include, but are not limited to the following: (1) the telephone number at issue is a cellular phone which may not be registered on the DNC registry; (2) Plaintiff has not established that she owns the telephone number for purposes of standing; (3) Plaintiff has not established that she personally registered the telephone number in question on the DNC; (4) Plaintiff provided requisite consent for receipt of the telephone calls by Defendant and/or her information was publicly available on various websites thereby permitting Defendant to contact her; (5) Defendant had requisite policies and procedures in place for purposes of invoking the safe harbor defense and (6) Plaintiff has not sustained damages as a result of Defendant's alleged conduct. Defendant reserves the right to assert additional defenses to the extent they are revealed during the course of discovery.

## B. Possibilities of Settling or Resolving The Case

Pursuant to Local Rule 16(c) Plaintiff made a settlement demand to Defendant on February 17, 2025 on a class-wide basis. Plaintiff is open to mediating a resolution to this matter on a class-wide basis. The Plaintiff is only interested in resolution on class wide basis, consistent with her pleadings.

**Defendant:** Defendant is open to mediating the matter on an individual basis and has informed Plaintiff of as much. Defendant sees no rational basis for mediating on class wide basis prior to Plaintiff establishing, at a minimum, that she has a viable claim against Defendant.

## C. Proposed Discovery Plan

### 1. Proposed Discovery Plans

*Plaintiff's Proposed Discovery Plan*

Plaintiff seeks discovery on the following subjects: (1) Defendant's and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendant's policies and procedures regarding compliance with the TCPA; (4) Defendant's affirmative defenses, such as consent; (5) Defendant's negligence or willfulness regarding TCPA violations; (6) Defendant's document retention policies; (7) identification of witnesses; and (8) Defendant's relationship with any third parties that may have relevant information surrounding this matter.

The Plaintiff opposes bifurcated discovery and the Defendant didn't raise this argument until they provided their edits to this report. The reason for them doing so has become clear: they intend to utilize speculation to support their position. This is not appropriate for a number of reasons.

*First*, the Defendant has not provided any documentation to support their assertion that the Plaintiff (or anyone else for that matter) does not have a valid claim. Indeed, such a position is belied by the plain assertions in the complaint, including that the Plaintiff has never been a customer of Author Reputation and never consented to receive calls from Author Reputation. *See* ECF No. 1 at ¶ 19. Despite this, the Plaintiff received calls from Author Reputation on at least December 13, 2023, February 1, 2024, April 29, 2024, June 3, 2024 and August 29, 2024 (twice), and the calls were all from the same telephone number *Id.* at ¶ 20-21. Indeed, during the first 3 calls the Plaintiff answered he informed the caller that he had not asked for the call and was not interested in their services and ended the call, yet, the subsequent calls were made. *Id.* at ¶ *Id.* at ¶ 26-28. Indeed, other individuals have complained to the Better Business Bureau about similar conduct:

> The company has repeatedly violated the Do Not Call List. My phone has been registered for over ten years. They have called me first offering to "freely" promote my already published

> book at bookstores and then asking for fees. I told them I wasn't interested and to not call back. A couple of months later (1/29 2:32 PM) I get another call and then when I tell the individual that my book is already published, he hangs up. This company is irresponsible and doesn't follow the law.

*See* https://www.bbb.org/us/ma/canton/profile/publishers/author-reputation-press-llc-0021-477587/complaints. It's unclear how from this exchange the Defendant could assert that the Plaintiff, or anyone else, does not have a claim. While that is not always the case, there has been no showing here by Defendant that it has any *unique* defenses to the Plaintiff's claim. It's for these same reasons (that a Defendant does not offer a unique defense to Plaintiff's claims) that Judge Joun rejected a similar bifurcation request in *Beardsley v. Resort Sales by Spinnaker, Inc. et al*, Civil Action No. 23-cv-10793, ECF No. 28 (October 5, 2023). Indeed, Judge Casper rejected a request for bifurcation in a TCPA case in October 2024 in *Menin v. Star Markets Company, Inc.*, Civil Action No. 23-cv-11918-DJC, ECF No. 58 (October 22, 2024). Indeed, in the sole case cited by the Defendant, *Osidi v. Assur. IQ, LLC*, 2022 U.S. Dist. LEXIS 37436 at *3 (D. Ma. 2022), the Defendant in that case identified the specific issues of (a) consent that they had supported with evidence and (b) whether the phone number identified in the complaint was actually the one contacted. No such issues are raised here.

*Second*, bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015). Indeed, one-sided discovery is inappropriate and Defendant's request to limit discovery initially to its preferred issues is "untenable and unfair." *Wilson v. Quest Diagnostics, Inc.*, 2019 U.S. Dist. LEXIS 224798, *9 (D. N.J. August 22, 2019) (denying similar request to bifurcate in a TCPA case). "The Court should not allow one side to pick one defense of its choosing, limit discovery to that issue, and then presumably try a summary judgment motion. Both sides have a right to discovery." *Id.*

*Third*, there is significant overlap between discovery relevant to the merits of Plaintiff's individual claims and issues of class certification as the "[class certification] analysis will frequently

entail overlap with the merits of the plaintiff's underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted); *Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106, 2016 U.S. Dist. LEXIS 6778, at *6 (E.D.N.Y. Jan. 12, 2016) (denying motion to bifurcate merits and class discovery in TCPA action…"In fact, bifurcation would have the opposite effect."); *Lakeland Reg'l Med. Ctr. v. Astellas US*, LLC, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) ("the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."); Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'"). As another Court ruled when denying a motion to bifurcate in a TCPA case:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). As such, the Court should not permit bifurcated discovery.

*Defendant's Proposed Discovery Plan*

Defendant requests that class discovery be bifurcated from discovery on Plaintiff's individual claims. In doing so, Defendant requests the opportunity to address the viability of Plaintiff's individual TCPA claim before engaging in costly and time-consuming class discovery. Courts in this Circuit have been inclined to bifurcate class discovery in TCPA claims because "the need for class discovery may be eliminated if Defendant is able to demonstrate that the Named Plaintiff lacks viable individual claims." *See, e.g.*, *Osidi v. Assur. IQ, LLC*, 2022 U.S. Dist. LEXIS 37436 at *3 (D. Mass. Mar. 3, 2022) (collecting cases and bifurcating class discovery in TCPA claim because "class discovery is not necessary to address certain issues that may be dispositive of Plaintiff's individual claims or ability to bring the asserted class claims, including whether the Named Plaintiff specifically consented to the receive telephone calls regarding insurance quotations, whether that request came from the phone number identified in the complaint, and whether the website's consent language was generally compliant with the TCPA.")

Defendant anticipates propounding written discovery on Plaintiff and taking her deposition as well. Defendant may also take the deposition of individual fact witnesses to the extent they bear on Plaintiff's individual claims, and will also subpoena the carrier for Plaintiff's telephone number, currently believed to be MetroPCS,. Defendant's discovery will be geared toward addressing issues which will impact Plaintiff's individual claims including : (1) ownership of the telephone number in question; (2) the type of phone, i.e. cellular or residential, associated with the telephone number in question; (3) the alleged damages sustained by Plaintiff as a result of her alleged receipt of telephone calls from Defendant; (4) whether Plaintiff personally registered her telephone number on the DNC registry; (5) the impact of Defendant's DNC policies and procedures; (6) whether the public availability of Plaintiff's contact information permitted Defendant to contact her and (7) the extent to which Plaintiff provided Defendant with consent to call her on the subject telephone number regarding its services.

2. Electronically Stored Information

The Parties expect that some discovery will be in electronic form and intend to stipulate or agree to the form or forms in which electronic discovery should be produced or otherwise made available. The Plaintiff has requested that production of electronic documents be made in searchable PDF format and that the production of any records of telemarketing calls be produced in their native format. To the extent any issues regarding the format for electronic discovery arise, the Parties will confer in good faith before bringing them to the attention of the Court.

3. Privilege and Preservation

The Parties do not anticipate any unusual or unique privilege issues. The Parties agree to enter into a Confidentiality Order to govern the production of confidential information and disclosures. The Parties have taken the appropriate steps to preserve discoverable information, including ESI.

4. Limitations on Discovery

The Parties do not anticipate any changes to the limitations set forth in the Rules. However, as discussed herein, Defendant seeks to bifurcate discovery on Plaintiff's individual claims from discovery on Plaintiff's class claims. The Plaintiff opposes that requested relief.

5. Additional Orders

The Parties have agreed to service of discovery requests and responses via electronic mail, subject to the timing provisions of Fed. R. Civ. P. 6(d). The parties will separately be seeking permission to attend the hearing by Zoom consistent with the Court's scheduling order. The parties will timely submit any such motion requesting permission to attend the hearing remotely.

### D. Consent to Magistrate

The parties do not consent to proceeding before a magistrate judge.

## II. PROPOSED PRETRIAL SCHEDULE

The Plaintiff proposes the following schedule:

| EVENT | PROPOSAL |
|---|---|
| Initial Disclosures | March 14, 2025 |
| Deadline to Amend Pleadings | May 16, 2025 |
| Requests for Production and Interrogatories Served By | September 9, 2025 |
| Requests for Admissions Served By | September 30, 2025 |
| Depositions Completed By | September 30, 2025 |
| Discovery Deadline | November 10, 2025 |

| | |
|---|---|
| Plaintiff's Expert Reports | September 16, 2025 |
| Defendant's Expert Reports | October 20, 2025 |
| Any Reply Reports | November 3, 2025 |
| Class Certification Motion Deadline | By November 17, 2025 |
| Defendant's Opposition to Class Certification Motion | 21 days after filing |
| Plaintiff' Reply to Class Certification Motion | 14 days after the opposition is filed. |
| ADR Deadline | September 23, 2025 |
| Summary Judgment Deadline | 45 days after a ruling on Plaintiff's class certification motion |
| Pretrial Conference | TBD |
| Trial | TBD |

**Defendant Proposes the Following Schedule:**

Discovery will be bifurcated into two phases. The first phase of discovery will address Plaintiff's individual claims, and the second phase will encompass Plaintiff's class action claims against the Defendant. the parties propose the following schedule for the first phase of discovery addressing Plaintiff's individual claims. To the extent necessary, the parties will submit an amended schedule for the second phrase of class discovery following a resolution of Plaintiff's individual claims, whether by motion for summary judgment or otherwise. The parties similarly have not decided whether they will utilize the services of expert witnesses in the underlying matter. To the extent they elect to do so, the parties will similarly include in the amended schedule deadlines for the disclosure of expert reports and replies to the same

| **EVENT** | **PROPOSAL** |
|---|---|
| Initial Disclosures | March 24, 2025 |
| Deadline to Amend Pleadings | April 16, 2025 |
| Requests for Production and Interrogatories Served By | May 16, 2025 |
| Requests for Admissions Served By | May 16, 2025 |
| Depositions Completed By | July 15, 2025 |
| Discovery Deadline on Plaintiff's individual claims | July 15, 2025 |
| ADR Deadline | July 30, 2025 |

| | |
|---|---|
| Summary Judgment Deadline | August 15, 2025 |
| Pretrial Conference | TBD |
| Trial | TBD |

Dated: March 10, 2025

Attorneys for Plaintiff,
By Counsel

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

AUTHOR REPUTATION, PRESS LLC
By its counsel,

Dated: March 10, 2025

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman, # 666252
Jeffrey Rosin, Esq. #3026952
O'HAGAN MEYER, PLLC
140 Kendrick Street | Building C | 2nd Floor
Needham, Massachusetts 02494
Telephone: (617) 843-6800
Facsimile: (617) 843-6810

aschneiderman@ohaganmeyer.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Anthony I. Paronich*
Anthony I. Paronich