IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MARGO SIMMONS,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> **AUTHOR REPUTATION PRESS LLC** <br><br><br> *Defendant.* | Case No. 24-cv-12330-BEM <br><br> **CLASS ACTION** <br><br><br> **JURY TRIAL DEMANDED** |

### Defendant's Responses to Plaintiff's First Set of Discovery Requests

Defendant, Author Reputation Press, LLC ("Defendant"), by and through its undersigned counsel, hereby submits its responses to Plaintiff's First Set of Discovery directed to Defendant as follows:

### Preliminary Statement

It should be noted that Defendant has not fully completed its investigation of the facts relating to this case and that discovery is ongoing. All responses to the Discovery Requests propounded by Plaintiffs ("Responses") are based solely upon such information and documents that are presently available to, and specifically known to, Defendant.

It is anticipated that continuing discovery, independent investigation, legal research, and analysis will supply additional facts resulting in further information and documents. The following

#6025381v1

Responses are given without prejudice to Defendant's rights to produce evidence of any subsequently discovered facts or documents. The Responses contained herein are made in a good faith effort to supply information and documents presently in Defendant's custody, control, and/or possession, or within Defendant's knowledge, but should in no way be to the prejudice of Defendant in relation to further discovery, research and analysis.

## General Objections

1. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests are vague, ambiguous, unintelligible, compound, and not full and complete in and of themselves, so as to make a response possible without speculation as to the meaning of the Discovery Requests.

2. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests seek information protected by attorney/client privilege, the work product doctrine, or any other applicable privilege.

3. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests seeks Defendant's counsel's legal reasoning, theory, or a statutory basis supporting a factual conclusion.

4. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests are unduly and unreasonably oppressive, harassing, annoying, burdensome, overbroad, or constitute an abuse of the discovery practice.

5. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests seek information equally available to Plaintiffs or presumably within the knowledge of Plaintiffs. Plaintiffs may ascertain this information from their own records or from other sources much more readily available to them than to Defendant.

#6025381v1

6. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests are overly broad and seek information neither relevant to any party's claim or defense, nor proportional to the needs of the case.

7. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests are not appropriately limited in time.

8. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests seek information that may contain confidential, proprietary or trade secret information.

9. Defendant objects to these Interrogatories to the extent they require speculation and/or to the extent that they require Defendant to make conclusions of law.

10. Defendant objects to these Interrogatories to the extent they seeks the mental impressions, conclusions or opinions of Defendant's attorneys and/or representatives.

11. Defendant objects to these Interrogatories to the extent they seek information and/or materials which is and/or already in Plaintiff's possession, information and/or materials which is and/or available from less onerous sources, or information or materials that is and/or are considered confidential under federal and/or state law and regulations. This includes information requested that would violate the confidentiality or privacy of employees, past employee or third parties.

## Reservations

1. By providing responses to Interrogatories, Defendant does not waive, and specifically reserves, any and all applicable objections including, but not limited to, relevance, admissibility, and hearsay at the time of trial.

#6025381v1

2. Defendant reserves the right to revise, change or supplement at any time or in any manner these answers and objection to Interrogatories.

## INTERROGATORIES

1. Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER:**

Michael Kravitz c/o Andrew Schneiderman, 140 Kendrick Street, Building C, 2nd Floor, Needham, MA 02494.

2. Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**ANSWER:**

Defendant states that it places outbound phone calls on its own behalf. At all times relevant, Defendant placed only three calls to the Plaintiff. These calls were placed by Defendant's employees: (1) Devora Sprouse and (2) Olivia Ford.

3. Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

#6025381v1

**ANSWER**:

The individuals identified in response to Interrogatory No. 2 are customer representatives employed by the Defendant. These representatives are responsible for signing up authors in order to potentially create a partnership with the author respecting publication and distribution of the author's novel. With respect to Plaintiff, Defendant's employees discovered Plaintiff's book, *Handicapped Dreams*, and sought to contact her in order to create a possible partnership with respect to distribution of the same.

4. Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**ANSWER:**

Defendant objects to this request on the grounds that it is vague, overbroad, and unintelligible. Subject to, and without waiving its objections, none.

5. Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**ANSWER**:

Defendant objects to this request on the grounds that it is duplicative of other requests contained herein. Subject to, and without waiving its objections, (1) Devora Sprouse and (2) Olivia Ford.

6. If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

#6025381v1

**ANSWER:**

Interrogatory No. 6 is an impermissible contention interrogatory. Pursuant to Fed. R. Civ. P. 33(a)(2), the Court "may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." *See* Fed. R. Civ. P. 33(a)(2); *Christie v. Royal Caribbean Cruises*, 2021 U.S. Dist. LEXIS 104863 at *4 (S.D. Fla. May 29, 2021) ("contention interrogatories are often premature until the end of discovery."). Furthermore, "contention interrogatories that ask for 'each and every' or all documents, facts, activities, and actions that support a claim may be overly broad and unduly burdensome." *Hypertherm, Inc. v. Am Torch Tip Co.*, 2008 U.S. Dist LEXIS 108269 at *4 (D.N.H. Dec. 29, 2008).

Plaintiff's telephone number is publicly listed and therefore Defendant was permitted to rely on the public disclosure of Plaintiff's telephone number as consent for the initial call that was placed to Plaintiff. *See Worsham v. Disc. Power, Inc.*, 2021 U.S. Dist. LEXIS 1931 at *10 (D. Mad. Jan. 6, 2021). On the second call to Plaintiff, Plaintiff advised Defendant's representative, Olivia Ford, that although she was not currently interested in Defendant's services, and she would appreciate a call back the following week in order to discuss the Defendant's services further. Pursuant to Plaintiff's request, Defendant called Plaintiff back the following week to again discuss its services. At this time, Plaintiff indicated that she was not interested in the Defendant's services. Accordingly, no further calls were placed to Plaintiff. Pursuant to Fed. R. Civ. P. 33(d), Defendant further refers Plaintiff to those materials produced in response to its Request for Production of Documents.

7. If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ANSWER:**

Defendant does not contend that a third party made the alleged calls in the Complaint. Rather, the calls placed to Plaintiff were made by Defendant's employees Devora Sprouse and Olivia Ford.

8. Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ANSWER:**

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to, and without waiving its objections, Defendant had no non-privileged communications with any third party regarding this lawsuit.

9. Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER:**

Defendant objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff does not assert a claim against Defendant based upon its alleged use of an Automatic Telephone Dialing System or other dialing platform and does not otherwise allege that liability is predicated upon the platform used by Defendant to contact Plaintiff. Rather, Plaintiff asserts a single claim against Defendant related to calls placed to Plaintiff while her number was allegedly on the Do Not Call Registry.

#6025381v1

10. State all facts in support of any affirmative defenses you have raised.

**ANSWER**:

Plaintiff's Interrogatory is an impermissible contention interrogatory. "It is generally accepted that courts will not order responses to contention interrogatories until late in the pre-trial period, and that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period." *Atwood v. Union Pac. R. R. Co.*, 2022 U.S. Dist. LEXIS 223550 at *15 (D. Neb. Dec. 12, 2022) (collecting cases). Defendant further objects to this request on the grounds that it exceeds the number of permissible interrogatories. Defendant has raised approximately 17 individual affirmative defenses. Plaintiff's interrogatory with respect to each affirmative defense constitutes an independent interrogatory, and results in the proliferation of interrogatories that exceed the amount permissible under the rules. *See, e.g., Finjan, Inc. v. Qualys, Inc.*, 2020 U.S. Dist. LEXIS 154734 at *8 (N.D. Cal. Aug. 21, 2020). Subject to, and without waiving its objections, Defendant states as follows:

  A. Plaintiff has not suffered any damages as a result of Defendant's conduct which would otherwise provide her with standing to assert a claim under the TCPA. Again, the contention interrogatory is premature insofar as Plaintiff's deposition has not yet taken place. Therefore, the full extent of facts and information underlying this and other defenses has not been fully developed and is required in order to assess the viability of this defense.
  B. Defendant has policies and procedures in place specifically designed to avoid the error at issue and to maximize compliance with the National DNC Rules.
  C. Plaintiff failed to personally register her telephone number on the DNC registry or has otherwise failed to provide proof of the same. Absent proof that she personally

#6025381v1

registered her telephone number on the registry, there is no viable claim in this regard under the TCPA.

D. The telephone number at issue may be associated with a cellular phone. Cellular telephone numbers cannot be registered on the DNC registry which is limited to traditional landline numbers. Defendant requires further discovery in order to fully assess the viability of this defense.

E. Plaintiff may not own the telephone number at issue or the telephone number at issue may be a business number. If Plaintiff does not own the telephone number at issue, she lacks standing to assert a claim under the TCPA.

F. If the number at issue is a business number, it may not be registered on the DNC registry.

G. At all times relevant, Plaintiff's telephone number was publicly available, thereby providing Defendant with implicit consent to call her regarding its services. Furthermore, during the course of the calls, Plaintiff specifically requested a call back with respect to consideration of Defendant's services, thereby providing further consent for the calls at issue.

H. Defendant reserves the right to amend or supplement its response in this regard as discovery proceeds.

11. Identify any affiliates or third parties that are involved with generating leads or providing telephone numbers that you make telemarketing calls to.

**ANSWER:**

None.

#6025381v1

12. Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER:**

Defendant objects to this request on the grounds that it is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Whether Defendant ever reprimanded or disciplined an employee in the past is unrelated to whether an actionable violation occurred in the underlying matter. Subject to, and without waiving its objection, Defendant states: No individual either employed or associated with Defendant, has been disciplined, reprimanded, or subjected to similar action for allowing or making allegedly unlawful or unauthorized outbound calls in connection with this matter.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 7th DAY OF MAY 2025.

*Michael Krantz*

#6025381v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MARGO SIMMONS,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **AUTHOR REPUTATION PRESS LLC** <br><br> *Defendant.* | Case No. 24-cv-12330-BEM <br><br> **CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

### Defendant's Responses to Plaintiff's First Set of Discovery Requests

Defendant, Author Reputation Press, LLC ("Defendant"), by and through its undersigned counsel, hereby submits its responses to Plaintiff's First Set of Discovery directed to Defendant as follows:

### Preliminary Statement

It should be noted that Defendant has not fully completed its investigation of the facts relating to this case and that discovery is ongoing. All responses to the Discovery Requests propounded by Plaintiffs ("Responses") are based solely upon such information and documents that are presently available to, and specifically known to, Defendant.

It is anticipated that continuing discovery, independent investigation, legal research, and analysis will supply additional facts resulting in further information and documents. The following

#6025381v1

## DOCUMENT REQUESTS

1. Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:**

Defendant objects to this request to the extent it seeks materials protected by the attorney-client privilege and/or work product doctrine. Subject to, and without waiving its objections, Defendant will produce those non-privileged materials within its possession, custody or control which are responsive to this request.

2. Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:**

Objection. "Plaintiff makes a single request for documents supporting any affirmative defense defendant asserted in any answer it gave to any complaint. This is plainly overbroad, and somewhat unclear…If plaintiff wishes to obtain a document relating to affirmative defenses, it must specify the defense at issue in the request." *Bernstein v. S. Cal. Tel. Co.*, 2020 U.S. Dist. LEXIS 163582 at *5 (C.D. Cal. May 27, 2020)

3. Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

#6025381v1

**RESPONSE:**

Defendant objects to this request to the extent it seeks materials protected by the attorney-client privilege and/or the work product doctrine. Subject to, and without waiving its objections, Defendant will produce those non-privileged materials within its possession, custody or control which are responsive to this request.

4. Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE:**

None.

5. Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE:**

Objection. A "request for all documents related to prior lawsuits is not proportional to the needs of the case and the documents are publicly available." *Abramson v. Fed. Ins. Co.*, 2020 U.S. Dist. LEXIS 770088 at *6 (M.D. Fla. May 1, 2020). Subject to, and without waiving its objection, Defendant states that it has not received any complaints or do-not-call requests specifically alleging unlawful or unauthorized outbound calls made by it. All outbound calls are conducted in compliance with applicable laws and authorized procedures.

#6025381v1

6. All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:**

None.

7. All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:**

None.

8. All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

None.

9. All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

None.

10. All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

None.

#6025381v1

11. All communications with any third party that provided you the Plaintiff's telephone number.

**RESPONSE:**

None.

12. All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**RESPONSE:**

None.

13. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:**

None.

14. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

#6025381v1

**RESPONSE:**

None.

15. Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

    a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

    b) obtaining or verifying prior express consent;

    c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:**

Objection. "[p]olicies and procedures for all mediums of communications with customers is simply not relevant to the alleged violation of the TCPA." *Cf. Saggio v. Medicredit, Inc.*, 2024 U.S. Dist. LEXIS 74599 at *7 (E.D. Mo. Apr. 24, 2024). In the underlying matter, Plaintiff seeks the totality of Defendant's policies and procedures relating to the TCPA without regard to production of the policy pertaining to the violation alleged. Accordingly, Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

16. Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors during the putative class period:

    a) the date and time;

  b) the caller ID;

  c) any recorded message used;

  d) the result;

  e) identifying information for the recipient; and

  f) any other information stored by the call detail records.

**RESPONSE:**

Objection. Defendant objects to this request insofar as it seeks all documents concerning every telemarketing call placed by Defendant during the relevant time period without regard to the violation alleged or the manner in which the call was made. There are simply no qualifiers limiting the breadth of information requested by Plaintiff. For example, there are no qualifiers regarding whether consent was/was not provided for the calls at issue, whether the calls were placed to a cellular phone, or whether the calls even violated the TCPA etc. Plaintiff's request would undoubtedly lead to production of myriad records for calls to individuals who are not part of the class. *Cf. Fralish v. Digital Media Solutions*, 2021 U.S. Dist. LEXIS 22581 at *22 (N.D. Ind. Nov. 17, 2021) ("RFP 21 does not limit the scope of the requested text messages in any way even though Mr. Fralish's Section 227(c) claim only concerns a specific type of text message sent to a specific type of person…As written, RFP 21 demand production of information pertaining to text messages beyond the scope of advertisement and marketing messages he challenges in this case and other irrelevant aspects of the business relationship between Digital and an unknown number of third parties."). Subject to, and without waiving its objection, Defendant will produce those materials in its possession, custody or control reflecting information for the three calls at issue placed to the Plaintiff.

#6025381v1

17. Please provide all evidence of written consent to make calls in response to the foregoing, including any language that complies with the E-Sign Act.

**RESPONSE:**

Objection. Defendant objects to this request insofar as Plaintiff's Complaint does not include a claim for violation of the E-SIGN Act. Furthermore, there is no private right of action under this act which would otherwise permit Plaintiff to sue for a violation of the same. Accordingly, this request is not reasonably calculated to lead to the discovery of admissible evidence.

18. All communications with any third party concerning this litigation other than your attorney.

**RESPONSE:**

None.

Dated: May 7, 2025

AUTHOR REPUTATION, PRESS LLC

By its counsel,

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman, # 666252
Jeffrey Rosin, Esq. #3026952
O'HAGAN MEYER, PLLC
140 Kendrick Street | Building C | 2nd Floor
Needham, Massachusetts 02494
Telephone:    (617) 843-6800
Facsimile:    (617) 843-6810

aschneiderman@ohaganmeyer.com

#6025381v1