IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MARGO SIMMONS,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**AUTHOR REPUTATION PRESS LLC**<br><br>*Defendant.* | Case No. 24-cv-12330-BEM<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT'S ASSENTED-TO MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S MOTION TO COMPEL

Defendant, Author Reputation Press, LLC ("Defendant" or "Author Reputation Press") **with Plaintiff's assent**, hereby requests that it be permitted a brief two-week extension of time, until up to and including June 16, 2025, within which to respond to Plaintiff's Motion to Compel. As grounds for its motion, Defendant states as follows:

1. The underlying matter is a class action claim arising out of Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA").

2. On or about May 17, 2025 (Saturday), Plaintiff served Defendant with her Motion to Compel further responses to class discovery. DE #19. Accordingly, Defendant's response to Plaintiff's Motion to Compel is currently due on or before June 2, 2025. *See generally* Fed. R. Civ. P. 6(a)(1).

3. Plaintiff's Motion is a significant one, seeking to compel production of extensive class discovery. However, Defendant's counsel has not had sufficient opportunity to prepare a response to Plaintiff's Motion. Defendant's counsel was on vacation from May 20, 2025, shortly

#6852141v1

after the motion was served, and returned to the office on May 28, 2025, just days before the response to Plaintiff's motion is due to be served.

4. Fed. R. Civ. P. 6(b) provides that "[w]hen an act ay or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." *See* Fed. R. Civ. P. 6(b)(1). "The 'good cause" standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party opponent." *United States Bank Nat'l Ass'n v. Richmond*, 2022 U.S. Dist. LEXIS 28311 at *4 (D. Me. Feb. 14, 2022). "The practicalities of life (such as an attorney's conflicting professional engagements or personal commitments such as vacations, family activities, illnesses and death) often necessitate an enlargement of time to comply with a court deadline. The good cause standard considers a party's diligence in seeking the continuance or extension." *Pamplin v. Baker*, 2019 U.S. Dist. LEXIS 183012 at *4 (D. Nev. Oct. 3, 2019).

5. In the underlying matter, Defendant is diligently seeking a brief extension of the deadline days prior to the due date for its Response. Furthermore, the undersigned has good cause for an extension. Counsel was on vacation for nearly the entire response period to Plaintiff's Motion to Compel, and could not adjust his vacation based upon the filing of Plaintiff's Motion. The undersigned has not had the opportunity to prepare for and address the arguments contained in Plaintiff's Motion. Given the significance of Plaintiff's Motion, and the breadth of materials sought through her Motion to Compel, counsel wishes to afford himself sufficient time to prepare a response to Plaintiff's Motion to Compel.

6. Neither party will be prejudiced by the relief requested herein as Plaintiff **assents** to the relief requested by the Defendant.

#6852141v1

WHEREFORE, Defendant, Author Reputation Press, LLC respectfully requests that this Court enter an Order granting it a two-week extension to respond to Plaintiff's Motion to Compel, until up to and including June 16, 2025, along with such other relief as this Court deems appropriate.

Dated: May 30, 2025

>AUTHOR REPUTATION, PRESS LLC
>By its counsel,
>*/s/ Andrew M. Schneiderman*
>Andrew M. Schneiderman, # 666252
>Jeffrey Rosin, Esq. #3026952
>O'HAGAN MEYER, PLLC
>140 Kendrick Street | Building C | 2nd Floor
>Needham, Massachusetts 02494
>Telephone:   (617) 843-6800
>Facsimile:    (617) 843-6810
>
>aschneiderman@ohaganmeyer.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

>*/s/ Andrew M. Schneiderman*
>Andrew M. Schneiderman

## RULE 7.1 (a)(2) CERTIFICATE

I, Andrew M. Schneiderman, hereby certify that I conferred with opposing counsel in advance of filing the underlying motion, and as more fully set forth herein, Plaintiff **assents** to the relief requested herein.

>*/s/ Andrew M. Schneiderman*
>Andrew M. Schneiderman

#6852141v1