IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MARGO SIMMONS,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**AUTHOR REPUTATION PRESS, LLC**<br><br>*Defendant.* | Case No. 24-cv-12330-BEM<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND MOTION TO STAY DISCOVERY

Defendant, Author Reputation Press, LLC ("Defendant"), opposes Plaintiff, Margo Simmons' ("Plaintiff") Motion to Compel and moves to temporarily stay the discovery and remaining deadlines to allow Defendant to file a motion for summary judgment on Plaintiff's individual claim. As grounds for its Opposition and Motion, Defendant states as follows:

### I.   Introduction

The underlying matter arises out of Plaintiff's claim under the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges that despite prior registration of her telephone number on the Do Not Call Registry, Defendant called her number without prior consent. This is the sole claim Plaintiff alleges against Defendant. In support of her Motion, Plaintiff seeks to compel production of class discovery in response to two requests which are facially overbroad. Plaintiff sets a low bar to hurdle in this regard, and it is not difficult for the Court to ascertain the extent to which Plaintiff's overbroad requests are both impossible to respond to and transcend the already broad scope of discovery permitted under the rules.

Plaintiff seeks class discovery in response to two requests. The first request seeks "all documents" containing six different categories of information regarding every telemarketing call placed

#6924951v1

by Defendant during the class period. Plaintiff's request for "all documents" renders this request facially overbroad. Such a request fails to identify with any specificity the documents that Plaintiff is seeking (other than every possible document in existence regarding these calls) or why/how such materials are even relevant to the litigation. The caselaw, discussed *infra*, supports the denial of such an amorphous and facially overbroad request.

Plaintiff next seeks "all evidence" of consent obtained from the putative class, but provides no justification for its demand. Instead, Plaintiff confines her argument to those cases which have permitted discovery on the issue of consent with respect to an individual plaintiff's claim. *See* DE #19, pp. 13-15. As a threshold matter, Defendant initially obtained consent to call Plaintiff's telephone number as it is a publicly listed number that otherwise invites and/or permits consent to call a consumer absent instructions to the contrary (which Plaintiff never communicated). *See* 7 FCC Rcd. 8752, 8769, para. 41. Moreover, during its limited communications with the Plaintiff, she requested on at least one occasion that Defendant call her regarding its services. This is expressly contrary to the allegation in her complaint wherein she states that she "never consented to receive calls from Author Reputation." *See* DE #1, para. 19.

Defendant has already both provided Plaintiff with those materials reflecting publication of her telephone number on the internet, along with a transcript of the conversations in which Plaintiff provides consent to be called by Defendant. And, despite her request, Defendant is not required to marshal all potential evidence at this stage in the litigation which would otherwise support its defenses. Finally, despite its general request for all evidence regarding consent-related information, Plaintiff cannot and has not presented the Court with a cohesive means of obtaining or assessing the same. Here, consent to contact the class members was obtained through putative class member's public disclosure of their information on myriad and varying websites and/or through express consent provided by the consumer.

Given the disparity in the manner of consent provided by putative class members, courts have refused to grant such discovery requests.

Defendant would be remiss in not pointing out that although the Court initially denied its motion to bifurcate class discovery, it did so because "Defendant has provided the Court no specific basis on which to conclude that Plaintiff's individual claims are particularly vulnerable to early defeasance." (DE #17, p. 3). However, based upon a closer review of Defendant's own discovery materials, it is now clear that Plaintiff lacks the ability to assert a claim in her own regard, no less than on behalf of a putative class. Therefore, the Court may revisit its decision based upon the information provided. *See, e.g., Bacon v. Taylor*, 392 Fed. Appx. 30, 35, n. 3 (3d Cir. 2010) ("it is common for discovery orders to be revisited by the trial court as discovery proceeds in a case and new evidence is disclosed."); *City of Chi. V. Purdue Pharma, L.P.*, 2020 U.S. Dist. 115438 (N.D. Ill. Jul. 1, 2020) (court's discretion "includes the ability to revisit discovery orders as the needs and demands of the litigation change.")

To succeed on her claim, Plaintiff will need to hurdle the following individual defenses to prove that she is a viable class representative. And, since she is subject to the following unique defenses, not only is she an unsuitable class representative, but she should be required to prove up the validity of her claim prior to proceeding with class discovery. The individual defenses that Plaintiff plans to raise to Plaintiff's claims, include, but are not limited to:

1. It is undisputed that the telephone number at issue is (407) 692-0109. This is a cellular phone associated with T-Mobile.[1]. Cellular telephones may not be registered on the DNC registry. *See, e.g., Gaker v. Q3M Ins. Sols.*, 2023 U.S. Dist. LEXIS 44919 (W.D.N.C. Feb. 7, 2023).

---

[1] *See* https://www.whitepages.com/phone/1-407-692-0109, attached as Exhibit A. The Court may take judicial notice of information found on the White Pages. *See, e.g., Bryant v. City of Greenville*, 2011 U.S. Dist. LEXIS 100376 at *25, n. 4 (E.D.N.C. Aug. 2, 2011).

#6924951v1

2. Plaintiff's telephone number was available through a cursory internet search[2], and was available on websites accessible to the public. Plaintiff did not provide any instruction to Defendant that she did not consent to the calls at issue. Therefore, publication of Plaintiff's phone number is sufficient to establish consent. *See, e.g.*, 7 FCC Rcd. 8752, 8769 para. 41 (Oct. 16, 1992); *see also Loyhayem v. Fraser Fin & Ins. Servs.*, 2020 U.S. Dist. LEXIS 260081 (C.D. Cal. Jul. 6, 2020) (the calls at issue did not violate the TCPA as a matter of law since the numbers were publicly available); *Worsham v. Disc. Power, Inc.*, 2021 U.S. Dist. LEXIS 1931 at *10 (D. Md. Jan. 6, 2021) ("even if Worsham's number could be fairly characterized as 'residential' his Complaint fails for several reasons…as shown in Exhibit A, Worsham's number was publicly available.").

3. The telephone transcripts provided to Plaintiff reflect a sum total of three calls, for which at least two Defendant had consent. Specifically, Defendant had consent for the initial phone call given the public nature of Plaintiff's telephone number, and for the third phone call, which the transcripts reflect that she twice provided express consent by requesting that Defendant: "[c]all me back next week." *See* Transcripts, produced in discovery, attached as Exhibit C, SIMM021, SIMM022

4. Since Plaintiff cannot establish that she received more than two actionable calls occurred within a 12-month period, she is unable to state an actionable claim. *See, e.g.*, *Mey v. Levin*, 2023 U.S. Dist. LEXIS 247236 at *6 (N.D. W.Va. Sept. 14, 2023) ("To state a claim under the TCPA do not call provision, a plaintiff must have received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of 47 C.F.R. 64.1200.").

---

[2] *See* Web Pages containing Plaintiff's telephone number, produced in discovery to Plaintiff, attached as Exhibit B.

#6924951v1

5. Plaintiff is a litigant who brings these claims around the country for monetary gain. For example, Plaintiff has filed similar TCPA claims across the country. *See, e.g.*, *Simmons v. WP Lighthouse LLC*, 1:24-cv-01602; *Simmons v. Cloud Health Systems, LLC*, 4:2024-cv-2023-DMR. Therefore, while not strictly a basis for dismissal in and of itself, her status as a frequently filing plaintiff is a factor which may be considered by the court when determining whether the Plaintiff is an adequate class representative. *See Sapan v. Diamond Resort Holdings, LLC*, 2023 U.S. Dist. LEXIS 215082 (C.D. Cal. Oct. 6, 2023). Furthermore, when coupled with Plaintiff's false allegation regarding provision of consent to be called, this presents a credibility issue for the Plaintiff which may preclude her from serving as class representative. *See, e.g.*, *Savino v. Computer Credit, Inc.*, 173 F.R.D. 346 (E.D.N.Y. 1997) (plaintiff's inconsistent allegations in the Complaint created credibility problems which precluded certification).

Defendant contends that with the benefit of discovery from the Plaintiff, it will be in a position to file a motion for summary judgment based upon, at a minimum, the foregoing issues identified above. While the discovery deadline is not set to conclude until September 2025, Defendant anticipates serving its discovery requests within the next week, and can be prepared to depose the Plaintiff shortly after receiving Plaintiff's written responses. Defendant was refraining from serving Plaintiff with discovery requests under the misguided notion that informal settlement may be possible. Since settlement presently appears unworkable, Defendant will now serve its requests and proceed with Plaintiff's deposition.

Other than the two requests which form the basis of the current dispute, the Plaintiff has noticed the 30(b)(1) deposition of Michael Kravitz for June 25, 2025. Plaintiff does not seek a 30(b)(6) deposition of the Defendant. Instead, Plaintiff indicated that she seeks to take 30(b)(1) depositions of certain of Defendant's employees Devorah Rose and Olivia Ford. However, these individuals are no longer employed by the Defendant. Defendant is determining whether it has location information for

these individuals. However, any such testimony elicited at these depositions would not bind the Defendant in the litigation. Therefore, the contemplated depositions should not act as a bar to Defendant's ability to file summary judgment. Defendant thus seeks to temporarily hold class discovery in abeyance, proceed with individual written discovery, and permit Defendant to file summary judgment. Defendant is cognizant that any Order on Summary Judgment would only act as persuasive authority with respect to the putative class members and would not bind the same to the judgment. If Defendant's motion is unsuccessful, the parties may continue with class discovery, and neither party will have suffered any prejudice as a result.

## II.    Discretion to Deny Class Discovery

"District Courts exercise broad discretion to manage discovery matters." *Heidelberg Ams., Inc.., v. Tokyo Kikai Seisakusho Ltd.*, 333 F.3d 38, 41. (1st Cir. 2003). "A court must limit discovery if it determines that the discovery sought is (1) unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the projected discovery in resolving the issues." *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, 2014 WL 12814933 at *2 (D. Mass. Feb.7, 2014). "Precertification discovery must be sufficiently broad to give the plaintiff a realistic opportunity to meet the requirements of class certification, but at the same time, a defendant should be protected from overly burdensome or irrelevant discovery." *Bilek v. Fed. Ins. Co.*, 2022 U.S. Dist. LEXIS 239484 at *9 (N.D. Ill. Dec. 12, 2022). "In exercising its discretion with respect to precertification discovery, the Court should consider the need for discovery, the time required, and the probability of discovery

providing necessary factual information." *Beets v. Molina Healthcare, Inc.*, 2019 U.S. Dist. LEXIS 131104 at *7 (C.D. Cal. Apr. 9, 2019).

### III.     Discretion to Stay Discovery Deadlines

To determine whether a stay is warranted, courts consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; and (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding and (4) where the public interest lies." *Fitzmorris v. Weaver*, 2024 U.S. Dist. LEXIS 10476 at *5 (D.N.H. Jan. 22, 2024). "Controlling the scope of discovery is particularly appropriate where discovery will impose considerable expense and the claims may be resolved on issues that require only limited or target discovery." *Katz v. Liberty Power Corp., LLC*, 2019 U.S. Dist. LEXIS 30901 at *5 (D. Mass. Feb. 27, 2019). The Court's explanation in *Blake v. Fin. Mgmt. Sys.*, 2011 U.S. Dist. LEXIS 158847 at *4 (N.D. Ill. Sept. 19, 2011) is particularly instructive. There, the Court stayed class discovery in a class action brought under the Fair Debt Collections Practices Act and the TCPA to allow for summary judgment to proceed on plaintiff's individual claims. Justifying its decision, the Court stated:

> Under the circumstances of this case, the Court agrees with Defendant that further class discovery should be stayed until the Court decides Defendant's pending motion for summary judgment. Plaintiff has requested a tremendous amount of information from Defendant designed to identify purported class members and to drill down on Defendant's contention that not only the named Plaintiff but many other proposed class members consented to receiving calls on their cell phones by giving their telephone numbers to Defendant's ceding creditors. It would be expensive and burdensome for Defendant to produce all of that information. Allowing Defendant to delay doing so until the Court rules on Defendant's focused and tailored motion for summary judgment on the issue of Plaintiff's supposed consent to receive collection calls on her cell phone will not materially prejudice Plaintiff and will, on the other hand, potentially benefit the efficient and economical management of this purported class in the future.

*Id.*. "It is true that where the named plaintiff's claim is subject to dispositive motion, delaying class discovery is often appropriate." *Chow v. Sentosacare, LLC*, 2020 U.S. Dist. LEXIS 20770 at *7 (E.D.N.Y. Jan. 23, 2020) (collecting cases)

IV. **Argument**

   a. **Plaintiff's Discovery Requests are Facially and Substantively Overbroad**

Plaintiff's requests are both facially and substantively overbroad. Defendant objected to Plaintiff's requests in this regard, with specific objections supported by caselaw where appropriate. Plaintiff has not modified her requests based upon Defendant's targeted objections, thus leading to the current motion.

Plaintiff first takes issue with respect to Defendant's response to its class-related request for all documents related to telemarketing calls placed to putative class members:

> Request No. 16: Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors during the putative class period: (a) the date and time; (b) the caller ID; (c) any recorded message used; (d) the result; (e) identifying information for the recipient; and (f) any other information stored by the call detail records.

Plaintiff's request in this regard is facially overbroad. Plaintiff seeks "[a]ll documents" containing the above-referenced information, but includes no qualifiers as to which of the myriad documents contemplated by the request that she is actually seeking production of or whether these materials are even relevant to the litigation. *See, e.g. In re Midland Credit Mgmt.*, 2020 U.S. Dist. LEXIS 141429 at *47 (S.D. Cal. Aug. 7, 2020) ("the Court finds that the request to produce 'all' documents is overbroad."); *Leeb v. Charter Communs., Inc.*, 2019 U.S. Dist. LEXIS 4590 at *6 (E.D. Mo. Jan. 9, 2019) ("Plaintiff requests production of 'all communications and other documents pertaining to TCPA, without regard to time;" all documents relating to efforts to comply with the TCPA.." Plaintiff makes

no attempt to further define the documents requested, nor does he limit the type or form of communication under the TCPA.").

Instead, Plaintiff submits an open-ended request for every document that contains the above-referenced information. Such an open-ended request is clearly overbroad. *See, e.g.*, *Sharfman M.D.P.A. v. Precision Imaging St. Augustine LLC*, 2023 U.S. Dist. LEXIS 90389 at *6 (M.D. Fla. Apr. 10, 2023) ("And to the extent Request No. 1 could be read as encompassing all related documents, the Court finds that the request is overbroad, vague and appears to call for irrelevant documents.").

In that regard, Plaintiff's document request is not a ministerial one for Defendant's "call records" as Plaintiff suggests. Rather, Plaintiff is seeking all documents, i.e. every single document, regardless of their current state, nature or location, referencing the requested information. Such a request is overbroad and will naturally produce materials unrelated to current litigation. *See, e.g., Oullette v. Gaudette*, 2019 U.S. Dist. LEXIS 58879 at *8 (D. Me. Apr. 5, 2019) ("nearly all of Defendant Beaupre's contested interrogatories and all of his documents requests, see "all facts" "all documents" or some similar formulation…As I outlined in *Gemini*, such a formulation is overbroad."); *State ex. Rel. Coffman Grp., LLC v. Sweeney*, 219 S.W.3d 763, 768 (Mo. Ct. App. 2005) ("This request is overbroad and appears to call for documents that would be irrelevant to the pending action. It encompasses *any* document, of *any* nature, by a third party that has faxed an advertisement on behalf of Realtor. Such documents may be wholly irrelevant to the TCPA violations at issue…") (emphasis included).

Furthermore, to the extent Plaintiff's request seeks identifying information of the class – see subsection (e), such a request must be denied as Courts routinely deny precertification disclosure of class members identity. *Hazlitt v. Apple, Inc.*, 2021 U.S. Dist. LEXIS 112592 at *9 (S.D. Ill. Jun. 16, 2021) ("Consistent with these concepts, the Supreme Court held that precertification production of class members names is not compatible with Federal Rule 26's relevancy standard. Moreover, while, Plaintiffs do not explicitly state any intention to use the information in any other manner, their request

9

necessarily implicates concerns regarding potential client recruitment. Finally, Plaintiffs have provided the Court with no explanation as to how the data would be stored and kept secure, which is crucial in considering the rising number of computer hackings and ransomware attacks hitting U.S. companies."); *Katz v. Total Mobile Ultrasound, Inc.*, 2023 U.S. Dist. LEXIS 65872 at *4 (S.D.N.Y. Apr. 14, 2023) (collecting cases and holding that "courts in this District have refused to allow discovery of class members identities at the precertification stage out of concern that plaintiffs attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification."). The reason for denial of the production of putative class member identities is simple, "a plaintiff need only provide a reasonable estimate of the number of class members, she is not required to provide evidence of exact class size or identity of class members to satisfy the numerosity requirement." *Pimental v. City of Methuen*, 2019 U.S. Dist. LEXIS 211512 at *10 (D. Mass. Dec. 9, 2019). Accordingly, the Court should deny Plaintiff's Motion to Compel with respect to Request No. 16.

Plaintiff next takes issue with Defendant's objection to Document Request No. 17, which provides: "[p]lease provide all evidence of written consent to make calls in response to the foregoing, including any language that complied with the E-Sign Act." As a threshold matter, "[a] party is not required to list all evidence that supports their claim before a hearing is held or an exhibit list is due simply because the opponents seek it in a discovery request." *Whalen v. Morice*, 2021 U.S. Dist. LEXIS 101344 at *18 (E.D. La. May 28, 2021). Furthermore, such an open-ended request regarding consent, which is not confined to calls placed to individuals on the DNC with/without consent, is overbroad and the motion to compel should be denied in this regard. *See, e.g.*, *Mey v. Enter. Fin. Group. Inc.*, 2016 U.S. Dist. LEXIS 188389 at *25 (M.D. Fla. Jul. 27, 2016) (denying motion to compel with respect to request for "[a]ny and all documents demonstrating that Plaintiff and the Members of the Proposed Class provided express written invitation, consent or permission to receive Telephone Calls."); *Olson v. City*

*of Bainbridge Island*, 2009 U.S. Dist. LEXIS 58171 at *9 (W.D. Wash. Jun. 18, 2009) (denying motion to compel of discovery request seeking "all evidence.").

As the foregoing demonstrates, Plaintiff's discovery request is facially overbroad and her motion to compel in this regard should be denied. Furthermore, Plaintiff has not suggested a cohesive means for obtaining or conducting an analysis of the responsive documents. Here, consent to contact the class members was obtained through putative class member's public disclosure of their information on myriad websites and/or through express consent provided by the consumer. Plaintiff has not suggested, and neither can Defendant imagine, a workable means of gathering every single webpage on which putative class members referenced their telephone numbers thereby providing consent or identifying each consumer who expressly provided consent to be called after communication was first established. Absent a cohesive means of obtaining or analyzing the discovery, such a request should be denied. *Cf. Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 130 (N.D. Tex. Dec. 7, 2020) ("The undisputed evidence showed the defendant obtained at least some of the solicited phone numbers by consent. Since the phone numbers originated from multiple sources, consent could not be proven by general evidence."); *Sherman v. Yahoo! Inc.*, 2015 U.S. Dist LEXIS 12780 at *8-*10 (S.D. Cal. Sept. 23, 2015) (denying class certification in case challenging text messages sent by Yahoo where defendant presented evidence that users could provide express consent in several ways and plaintiff failed to show that any theory of generalized proof overcomes the need for individualized determinations."). To the extent Plaintiff seeks discovery on the issue of consent, any such request should be limited to targeted discovery on consent related to the Plaintiff. *See, e.g.*, *Newell v. Aliera Healthcare, Inc.*, 2020 U.S. Dist. LEXIS 267290 at *7 (N.D. Ga. Apr. 6, 2020) ("the Court finds that targeted discovery on the issue of consent is also warranted.").

#6924951v1

### b. Class Discovery Should be Stayed Pending Resolution of Defendant's Forthcoming Summary Judgment

It is "well-settled that, absent prejudice to the plaintiff, a court may decide a defendant's motion for summary judgment in a putative class action before taking up the issue of certification." *Good v. Altria Group, Inc.*, 231 F.R.D. 446, 447 (D. Mass. 2005) (collecting cases). Furthermore, "a dispositive motion need not be filed to stay discovery or hold a class certification in abeyance." *Sali v. Zwanger & Pesiri Radiology Group, LLP*, 2022 U.S. Dist. LEXIS 48699 at *14 (E.D.N.Y. Jan. 10, 2022) (collecting cases). "If a probability of success exists, discovery should be stayed pending a ruling on the motion." *Halder v. Digital Equipment Corp.*, 1978 U.S. Dist. LEXIS 18811 at *6 (D. Mass. Mar. 24, 1978). Courts have previously concluded that the appropriate standard by which to evaluate a dispositive motion for purposes of a motion to stay is "whether the pending dispositive motion does not appear to be without foundation in law." *Burress v. Freedom Mortg. Corp.*, 2021 U.S. Dist. LEXIS 125767 at *12 (D.N.J. May 26, 2021). Factors considered in weighing whether to grant a stay of discovery include the breadth of discovery and the burden of responding to it, as well as the unfair prejudice to the party opposing the stay." *Chow v. Sentosacare, LLC*, 2020 U.S. Dist. LEXIS 20770 at *4 (E.D.N.Y. Jan. 23, 2020).

In the underlying matter, although the Court initially denied the Defendant's request for bifurcation given the absence of pointed, viable defenses which serve to undermine Plaintiff's sole claim, Defendant has now presented the Court with potential defenses, supported by documentary evidence, which demonstrates that its potential motion for summary judgment has more than a colorable foundation in law. Therefore, the Court is permitted to revisit its prior Order. To wit, (1) it is undisputed that the telephone number at issue is associated with a cellular telephone and cellular phones may not be registered on the DNC registry. *See, e.g.*, *Gaker v. Q3M Ins. Sols.*, 2023 U.S. Dist. LEXIS 44919 (W.D.N.C. Feb. 7, 2023); (2) Plaintiff's telephone number was available through a cursory internet search, and was available on websites accessible to the public. Plaintiff did not provide any instruction

12

#6924951v1

to Defendant that she did not consent to the calls at issue. Therefore, publication of Plaintiff's phone number is sufficient to establish consent. *See, e.g.*, *Loyhayem v. Fraser Fin & Ins. Servs.*, 2020 U.S. Dist. LEXIS 260081 (C.D. Cal. Jul. 6, 2020) (the calls at issue did not violate the TCPA as a matter of law since the numbers were publicly available); (3) the telephone transcripts provided to Plaintiff reflect a sum total of three calls, at least two of which Defendant had consent[3]. Since Plaintiff cannot establish that more than two actionable calls occurred within a 12-month period, she is unable to state an actionable claim. *See, e.g.*, *Mey v. Levin*, 2023 U.S. Dist. LEXIS 247236 at *6 (N.D. W.Va. Sept. 14, 2023) ("To state a claim under the TCPA do not call provision, a plaintiff must have received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of 47 C.F.R. 64.1200."); and (4) Plaintiff is a professional litigant who brings these claims around the country for monetary gain, and whose credibility seriously jeopardizes her ability to serve as class representative.

As the foregoing demonstrates, there is significant probability that Defendant will be successful on summary judgment, and the arguments to be included in the motion will be dispositive of Plaintiff's claims in their entirety. At a minimum, the arguments have more than a colorable foundation in law. Defendant suggests that it only requires written discovery responses from the Plaintiff and her deposition in order to prepare and submit the contemplated motion for summary judgment. Furthermore, other than the two requests at issue and the pending 30(b)(1) deposition, there is no materials discovery outstanding to the Plaintiff which would otherwise preclude a motion for summary judgment from proceeding. Although Plaintiff contemplates taking a 30(b)(1) deposition of certain of Defendant's employees, these employees no longer work for Defendant. Furthermore, any such testimony would not bind the Defendant. Therefore, these contemplated depositions cannot serve as a justifiable bar to the contemplated motion for summary judgment.

---

[3] Relatedly, Plaintiff alleges that she did consent to any of the calls. The evidence reveals otherwise. Therefore, given the false allegations, Plaintiff may face a credibility issue with respect to her ability to serve as class representative.

Certainly, neither class discovery nor a 30(b)(1) deposition of Defendant's witness is first necessary to address any of the anticipated arguments in Defendant's anticipated motion for summary judgment and Plaintiff will therefore not be prejudiced by a brief stay of discovery. *See, e.g.*, *Huzarsky v. Little Kids, Inc.*, No. 15-cv-13613-DJC (D. Mass. Feb. 22, 2016) (allowing summary judgment motion on individual claims before addressing class issues); *Good*, 231 F.R.D. at 447 ("Judicial economy and an absence of demonstrable prejudice to the Plaintiff or putative class members encourage this Court to grant the motion to stay. Further, if, as Plaintiffs argue, the pending motion for summary judgment is a simple matter and easily rules upon, a temporary stay of other proceedings will be only momentary."); *see also Drayton v. Newman*, 2023 U.S. Dist. LEXIS 38767 at *6 (W.D. Va. Mar. 8, 2023) ("Having considered those factors, the court concludes that the requested stay is warranted. First, if the motion for summary judgment were granted, it would result in dismissal of all of Drayton's current claims. Second, the discovery Drayton has sought does not appear to relate to exhaustion, but to the merits of his claims. Third, Drayton should have within his knowledge facts pertaining to his efforts or attempts to exhaust, so discovery is not needed to respond to the summary judgment motion on that issue."); *Torres v. Gipson*, 2019 U.S. Dist. LEXIS 24450 at *3 (E.D. Cal. Feb. 14, 2019) ("The Court agrees with defendants that a stay is warranted because success on their motion for summary judgment for failure to exhaust administrative remedies would resolve this action in their favor in its entirety, and requiring the parties to proceed with discovery may unnecessarily waste effort and resources.").

Finally, the breadth and burden of responding to the voluminous and overbroad class discovery requests, discussed *supra*, further militates in favor of a stay of class discovery pending resolution of the summary judgment. Plaintiff seeks detailed information regarding every call ever placed by Defendant during the time period in question, and all instances of consent obtained from its consumers during this time period. The burden of responding to such requests is extraordinary with respect to both time and cost, and the judicial resources of the parties and the Court would best be conserved by first assessing

the merits of Plaintiff's claim. Furthermore, Defendant's call recordings only go back six months, and it is no longer in possession of the majority of materials (relevant or not) of which Plaintiff seeks recovery. Defendant cannot be ordered to produce documents no longer in its possession. *See, e.g.*, *United States v. McCurdy*, 828 F. Supp. 2d 335 (D. Me. 2011) ("The Court will not order discovery of statements that the Government says do not exist."); *Carter v. Quainton*, 2024 U.S. Dist LEXIS 188331 (E.D. Mich. Oct. 16, 2024) ("The Court cannot compel a party to provide information that he or she does not possess any more than it can compel that party to produce documents that do not exist or are not in his possession, custody or control.")

And, to the extent Plaintiff's claim remains ripe for litigation, the parties can resume with class discovery on Plaintiff's TCPA claim. *See, e.g.*, *Amron v. 3M Minn Mining & Mfg. Co.*, 2024 U.S. Dist. LEXIS 12759 at *3 (E.D.N.Y. Jan. 24, 2024) ("the breadth of discovery here, as presented by Defendant, favors a stay because the parties could avoid substantial burden and waste of precious resources by staying discovery until the motion to dismiss has been decided."); *Pullman v. Collins*, 2025 U.S. Dist. LEXIS 31227 at *5 (S.D.N.Y. Feb. 19, 2025) ("The discovery sought by Plaintiff includes widespread class merits discovery even though there has been no class certification. Defendants should not be forced to engage in class merits discovery without a class certified and with the majority of the claims subject to dismissal."). Based upon the foregoing, Defendant respectfully requests that the Court stay consideration of the dispute regarding the two subject discovery requests, along with the remaining discovery and dispositive motion deadlines, pending resolution of Defendant's forthcoming motion for summary judgment.

V.    **Conclusion**

Defendant respectfully requests that this Court deny Plaintiff's Motion to Compel and further enter an Order staying class discovery. Defendant further requests that the Court permit individual discovery to proceed, as more fully set forth herein, after which Defendant will be permitted to file a

summary judgment on Plaintiff's individual claim. And, to the extent denied, the case may proceed with respect to Plaintiff's class claims. Defendant requests the foregoing relief along with such other relief as this Court deems proper.

Dated: June 16, 2025

                        AUTHOR REPUTATION PRESS, LLC
                        By Its Attorneys

                        */s/  Andrew M. Schneiderman*
                        Andrew M. Schneiderman, Esq. (#666252)
                        Jeffrey Rosin, Esq. (#3026952)
                        O'Hagan Meyer, PLLC
                        140 Kendrick Street, Building C, 2nd Floor
                        Needham, MA 02494
                        Telephone:  (617) 843-6800
                        Facsimile:   (617) 843-6810
                        aschneiderman@ohaganmeyer.com

#6924951v1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed on June 16, 2025 through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman

## RULE 7.1 (a)(2) CERTIFICATE

I, Andrew M. Schneiderman, hereby certify that I conferred with opposing counsel in advance of filing the underlying motion, and the parties were unable to reach an accord on the relief requested herein.

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman

#6924951v1